UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHAWN CANADA,

          Plaintiff,

v.

BRENDA KROENING,

          Defendant.

Case No. 21-CV-2273 (SRN/KMM)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Shawn Canada's pro se civil pleading[1] (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 2). In the three-page handwritten document, Mr. Canada alleges that he requests "D.F.O." release of information, via the Freedom of Information Act ("FOIA"). (ECF No. 1 at 1). He authorizes the release "unblocked" regardless of any protections or classifications the information may be subject to, and he specifies that he seeks a variety of documents. Specifically, he seeks "all records

---

[1] The present matter is the eighth of eight cases Canada has filed in the last two months. *Canada v. All Members of Damascus Way, et al.*, 21-cv-1904 (SRN/LIB) ["*Canada I*"], *Canada v. Williamson, et al.*, 21-cv-2085 (DSD/TNL) ["*Canada II*"], *Canada v. Olmsted Cnty., et al.*, 21-cv-2120 (NEB/DTS) ["*Canada III*"], *Canada v. Davis, et al.*, 21-cv-2186 (JRT/HB) ["*Canada IV*"], *Canada v. Stehr, et al.*, 21-cv-2188 (SRN/ECW) ["*Canada V*"], *Canada v. Antony, et al.*, 21-cv-2204 (PAM/JFD) ["*Canada VI*"] (dismissed with prejudice for failure to state a claim), *Canada v. MCF-Faribault*, 21-cv-2228 (NEB/TNL) ["*Canada VII*"], *Canada v. Kroening*, 21-cv-2273 (SRN/KMM) ["*Canada VIII*"]. Canada also filed two prior civil actions, and two habeas corpus actions in this District. *See Canada v. Harleen*, No. 17-cv-1471 (JNE/SER) (D. Minn. 2017) (dismissed for failure to prosecute); *Canada v. Haugen et al.*, No. 18-cv-3182 (PAM/KMM) (D. Minn. 2018) (dismissed for failure to prosecute); *Canada v. Miles*, 17-cv-1043 (JNE/SER) (D. Minn. 2017) (dismissed with prejudice); *Canada v. Snell*, 19-cv-764 (JRT/SER) (D. Minn. 2018) (dismissed without prejudice for failure to exhaust state remedies).

available, Damascus Way, B.C.A. records & interstate transfer, release of information/search warrants, all violations, public records/jobs reported, and warrants." ECF No. 1 at 2.

Mr. Canada is a prisoner, so his lawsuit is subject to review under the terms of 28 U.S.C. § 1915A(b). Under Section 1915A(b), a court must dismiss part or all of a complaint if it fails to state a sufficient claim. In reviewing whether a complaint states a claim on which relief may be granted, the Court accepts as true all the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Subject matter jurisdiction (or federal question jurisdiction) exists for any case or controversy arising under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Under FOIA, a federal court can ensure private access to requested materials if three requirements have been met. 5 U.S.C. § 552. "Federal jurisdiction is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records." 5 U.S.C. § 552(a)(4)(B). Judicial authority to provide a remedy can only be invoked if the agency in

violation has violated all three components of this obligation. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). FOIA requests are intended for agencies of the federal government. 5 U.S.C. § 552(f)(1) ("agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.); *see also Nielsen v. U.S. Bureau of Land Management*, 252 F.R.D. 499, 508 (D. Minn. 2008) (FOIA applies to federal government agencies); *In re Motion to Compel Compliance with Subpoena Direct to the Minn. Dept. of Health*, 423 F. Supp. 3d 670, 679, n. 11 (D. Minn. 2019) (state records are subject to state law).

Mr. Canada has not provided an adequate basis for his FOIA request because it appears to target only state or local government agencies in Minnesota. State records are subject to state disclosure laws. If Mr. Canada's request does not involve a federal agency, as it appears that it does not, then this Court lacks jurisdiction under FOIA to address his request. Additionally, even if Mr. Canada targets any federal government agency with his FOIA request, he has not made any factual allegations whatsoever about the three components of a FOIA request—that the agencies improperly withheld agency records. Thus, Canada's three-page filing, though labeled as a "FOIA request," is not a valid FOIA request. This Court recommends that Mr. Canada's case be dismissed both for lack of jurisdiction because it appears that FOIA does not apply to the information he seeks, and for failure to state a claim because he has not clearly identified the components of a FOIA claim.

Based on the foregoing analysis **IT IS HEREBY RECOMMENDED THAT**:

1. Mr. Canada's FOIA request (ECF No. 1) be **DISMISSED** for lack of jurisdiction, or alternatively for failure to state a claim.

2. Mr. Canada's request to proceed in forma pauperis (ECF No. 2) be **DENIED** as moot.

Date: October 21, 2021

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).